Marian F. Harrison
US Bankruptcy Judge

Dated: 1/10/2020



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 310-12138 |
| CYNTHIA RENEE WHITE, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) CHAPTER 7 |
| CYNTHIA RENEE WHITE, | ) |
| | ) ADV. NO. 317-90262 |
| Plaintiff, | ) |
| v. | ) |
| RICHARD TEKELY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Cynthia Renee White's ("debtor") complaint to determine whether Richard Tekely's ("defendant") claim was discharged and to hold him in contempt for violating the discharge injunction. A trial was held on October 24, 2019, at which the defendant was the only witness. For the following reasons, which represent

1

the Court's findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052, the Court finds that the debtor's complaint should be dismissed.

## I. ISSUES

1. Whether the defendant's claim was discharged?

2. Whether the defendant violated the discharge injunction by commencing a collection action against the debtor?

3. Whether the defendant is liable to the debtor for her reasonable attorney's fees in pursuing this action?

## II. FACTS

1. The defendant co-signed a Sallie Mae student loan on behalf of debtor on December 15, 2002, in the amount of $4965.

2. The defendant co-signed a Sallie Mae student loan on behalf of the debtor on April 29, 2003, in the amount of $5810.

3. The defendant co-signed a Sallie Mae student loan on behalf of the debtor on August 9, 2003, in the amount of $5200.

4. The defendant co-signed a Sallie Mae student loan on behalf of the debtor on February 2, 2004, in the amount of $3322.

5. At some point, the parties became estranged.

6. Before the debtor filed for bankruptcy protection, the defendant received notice that the debtor was behind on her student loans and he paid two months to catch it up.

7. The debtor filed her Chapter 7 petition on November 8, 2010. The defendant received notice of the bankruptcy filing.

8. The defendant continued making payments on the student loans while the debtor was in bankruptcy.

9. The debtor received a discharge on February 15, 2011.

10. The defendant paid a total of $20,220.98 toward the debtor's student loans, and the debtor paid $647.38 toward her loans. Of the amount paid by the defendant, $5217.53 was paid between 2015-2018.

11. The loan balances for all four Sallie Mae student loans, as of May 3, 2019, totaled $10,398.26.

12. On August 8, 2017, the defendant filed a lawsuit against the debtor in state court seeking reimbursement of money paid toward the debtor's student loans.

13. Upon the debtor's motion, the bankruptcy case was reopened on October 26, 2017. The debtor then filed this adversary complaint on October 30, 2017.

At trial, counsel for the debtor conceded that the defendant's claim for student loan payments he made post-discharge were not discharged. As to any claim for payments made by the defendant pre-discharge, counsel for the debtor argued that the defendant had an affirmative duty to bring a dischargeability action to declare the debt nondischargable during the bankruptcy proceedings. The parties were directed to submit briefs on this issue. Neither party has complied with the Court's request.

3

## III. DISCUSSION

Chapter 7 debtors receive a discharge of debts which arose before the commencement of the debtor's bankruptcy case unless excepted from discharge under any of the conditions set forth in 11 U.S.C. § 523. *See* 11 U.S.C § 727(b). Accordingly, the portion of the defendant's claim that is for payments made after the petition date are not covered by the discharge.

In considering the defendant's claim for payments made pre-petition, the Court looks to 11 U.S.C. § 523(a)(8) to determine whether the claim was discharged. Unless excepting a debt from discharge imposes an "undue hardship" on the debtor and the debtor's dependents, 11 U.S.C. § 523(a)(8) provides that a student loan is not dischargeable if the debt is for:

> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) an obligation to repay funds received as an educational benefit, scholarship or stipend.

Section 523(a)(8) balances two competing policy objectives: (1) the insolvent debtor's right to a fresh start; and (2) the need "to protect the financial integrity of educational loan programs and to induce lenders to lend to borrowers who could not qualify for loans under traditional underwriting standards." **Gorosh v. Posner (*In re Posner*)**, 434 B.R. 800, 803 (Bankr. E.D. Mich. 2010) (citations omitted). Thus, the policy considerations

4

underlying 11 U.S.C. § 523(a)(8) "necessarily limit the parties who may take advantage of the statute's protections." *Id.*

In 2005, 11 U.S.C. § 523(a)(8) was amended by Congress to make a broader range of student loan debt nondischargeable regardless of the nature of the lender. Specifically, 11 U.S.C. § 523(a)(8)(A)(ii) was added, covering loans made by nongovernmental and profit-making organizations, and making nondischargeable "an obligation to repay funds received as an educational benefit, scholarship, or stipend." Unlike under 11 U.S.C. §§ 523(a)(8)(A)(i) or (B), there is no requirement under 11 U.S.C. § 523(a)(8)(A)(ii) that the obligation be in any way related to a governmental unit.

The addition of 11 U.S.C. § 523(a)(8)(A)(ii) expanded the application of 11 U.S.C. § 523(a)(8) and applies to private and for profit institutions that have provided loans to debtors for educational benefit. *Maas v. Northstar Educ. Fin., Inc. (In re Maas)*, 497 B.R. 863, 871 (Bankr. W.D. Mich. 2013) (loan provided by private institutional lender and assigned to another private institutional lender for general living expenses during law school is nondischargeable). *See also Chicago Patrolmen's Fed. Credit Union v. Daymon (In re Daymon)*, 490 B.R. 331, 337 (Bankr. N.D. Ill. 2013) (debt owed to judgment creditor and former employer based on an employer-sponsored tuition reimbursement program is nondischargeable); *Beesley v. Royal Bank of Canada (In re Beesley)*, Case No. 12–24194–CMB, Adv. No. 12–2444, 2013 WL 5134404, at *5 (Bankr. W.D. Pa. Sept. 13,

5

2013) (line of credit provided by private lending institution for tuition, room and board, and books is nondischargeable under subsection (A)(ii)); ***The Rabbi Harry H. Epstein School, Inc. v. Goldstein (In re Goldstein)***, Case No. 11–81255–MGD, Adv. No. 12–5186, 2012 WL 7009707, at *3 (Bankr. N.D. Ga. Nov. 26, 2012) (agreement with private day school to pay tuition for children's attendance is nondischargeable); ***Liberty Bay Credit Union v. Belforte (In re Belforte)***, Case No. 10–22742–JNF, Adv. No. 11–1008, 2012 WL 4620987, *9 (Bankr. D. Mass. Oct. 1, 2012) (an unsecured personal line of credit for tuition and books for the debtor's children's education with credit union is nondischargeable).

The bankruptcy court in ***Brown v. Rust (In re Rust),*** 510 B.R. 562, 572 (Bankr. E.D. Ky. 2014), interpreted 11 U.S.C. § 523(a)(8)(A)(ii) to include an obligation held by a non-debtor co-signer of a student loan who paid off the student loan. In ***Rust***, the plaintiff signed a credit agreement that allowed the debtor/defendant to acquire funds to be used while attending the University of Southern Indiana. The plaintiff signed the credit agreement as "Cosigner." The debtor defaulted, and the plaintiff subsequently paid off the balance in full. The plaintiff filed suit in state court and recovered a default judgment against the debtor for the amounts paid on the loan. The defendant filed a Chapter 7 petition, and the plaintiff filed a complaint to have the debt declared nondischargeable. The bankruptcy court found the debt to be nondischargeable because the plaintiff was an "accommodation party" under state law. ***Id.*** at 568–69. The court held that protecting the plaintiff's rights to seek reimbursement supported the Congressional intent of 11 U.S.C.

6

§ 523(a)(8)(A)(ii). *Id*. at 572. Specifically, "[m]any lenders would not provide educational loans without the backing of an accommodation party." *Id.* Thus, "[a]cting as an accommodation party, therefore, supports the policy of encouraging lenders to provide educational loans," and holding that accommodating party's educational debt is nondischargeable is consistent with the broadening of 11 U.S.C. § 523(a)(8) to include 11 U.S.C. § 523(a)(8)(A)(ii). *Id.*

Similarly, the court in ***Benson v. Corbin (In re Corbin)***, 506 B.R. 287 (Bankr. W.D. Wash. 2014), granted summary judgment pursuant to 11 U.S.C. § 523(a)(8)(A)(ii) to the co-signor on a student loan based on the following facts:

> There is no dispute here that the sole purpose of Benson's execution of the Loan as an accommodation party was to help Corbin to get the Loan. There was no business purpose to the Loan on either the part of Benson or Corbin. Benson received no consideration for her signature. Corbin intended to and did use the funds she received to pay for educational expenses. Finding no reason or authority in the Ninth Circuit to narrow the interpretation of subsection (ii), this Court concludes that the provision of an accommodation, in order to secure for a student funds for the purpose of paying educational expenses, gives rise to an obligation on the part of the debtor to repay funds received as an educational benefit once the co-signer is required to honor its obligation to pay the debt. The Judgment Benson holds against Corbin therefore represents an obligation to repay the funds received as an educational benefit to the debtor. Accordingly, the Court finds that Benson has met her burden of proof under Section 523(a)(8)(A)(ii).

*Id.* at 297-98 (footnote omitted). *See also De La Rosa v. Kelly (In re Kelly)*, 582 B.R. 905, 914 (Bankr. S.D. Tex. 2018) ("[B]ecause there is no genuine issue as to any material fact regarding the nature of the Debt incurred, its educational purpose, or the Plaintiff's status

as a guarantor/co-signer/accommodation party," the debt owed to the co-signer on a student loan is nondischargeable under § 523(a)(8)(A)(ii).).

In the present case, there is no dispute that the student loans held by Sallie Mae on the petition date were nondischargeable. The defendant co-signed the student loans so that the debtor could obtain the funds to complete her education, the student loans were solely for the educational benefit of the debtor, and the defendant was equally liable for the debt. For the policy reasons set forth in **Rust**, 510 B.R. 562, 572, the defendant's claim for pre-petition amounts paid on the debtor's student loans is nondischargeable.

The debtor argues that even if the pre-petition debt was potentially nondischargeable, the defendant had an affirmative duty to bring a nondischargeability action prior to the discharge objection deadline. The defendant did not have a duty to raise nondischargeability of an educational debt. "[E]ducational debts are presumptively nondischargable" unless a judicial determination is made of "undue hardship," making it incumbent on the debtor to bring an action to adjudicate whether this student loan debt imposed an undue hardship. **Barrett v. Great Lakes (In re Barrett)**, 417 B.R. 471, 475 (Bankr. N.D. Ohio 2009) (citing **Tenn. Student Assistance Corp. v. Hood**, 541 U.S. 440, 450 (2004)). The debtor did not raise the issue of undue hardship in this adversary proceeding or during the pendency of her bankruptcy case. Accordingly, this Court's order

of discharge does not relieve the debtor of her personal liability to repay the defendant for funds received as an educational benefit.

Because the debt owed to the defendant was not discharged, his actions in bringing suit in state court cannot be a violation of the discharge injunction.

## IV. CONCLUSION

For the reasons stated, the Court finds that the debtor's complaint should be dismissed.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

9

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:17-ap-90262    Doc 40    Filed 01/10/20    Entered 01/10/20 13:24:26    Desc Main Document    Page 9 of 9